IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Jimmy Wortham, ) | |
| ) | Civil Action No. 8:04-1964-22BI |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| George Gintoli; Russel Huges; ) | |
| Brenda Young-Rice, in their Personal ) | |
| Capacities; and South Carolina ) | |
| Department of Mental Health, ) | |
| for injunctive relief, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1985. This matter is before the court on the defendants' motion to dismiss the complaint.

The plaintiff is currently in the custody of the South Carolina Department of Mental Health (SCDMH) under the provisions of the South Carolina Sexually Violent Predator Act (SVP), S.C. Code Ann. §44-48-10 through §44-48-170. Under the statute, the SCDMH and the South Carolina Department of Corrections (SCDC) have entered into an inter-agency agreement whereby the SVP residents are housed in a segregated location within the Broad River Correctional Institution. *See In re Luckabaugh*, 351 S.C. 122, 136, 568 S.E.2d 338, 345 (2002); S.C. Code Ann. §44-48-100 (Supp. 2004).

This action was originally filed on June 14, 2004, as a single action involving eleven plaintiffs. By order of U.S. District Judge Cameron Currie, filed June 18, 2004, the actions were separated and each plaintiff was assigned a separate civil action number. The court further directed that counsel for the defendants would have the option to file one

answer and one brief in the eleven separate cases. On June 28, 2004, the undersigned entered an order designating the case of *Kennedy v. Gintoli*, C.A. 8:04-1776-22BI, as the lead case in the cases which collectively are called the "Kennedy Legal Materials Cases."

Unlike the plaintiffs in the companion cases, this plaintiff apparently did not file an amended complaint. On August 3, 2004, the defendants filed an answer to the complaint. On August 12, the plaintiff filed a "Reply to Defendants' Answer." On September 13, 2004, the defendants filed a motion to dismiss the complaint. By order filed October 18, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response to the motion on October 18, 2004.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## FACTUAL BACKGROUND AND ANALYSIS

The plaintiff, along with several other involuntarily committed sexually violent predators, had previously filed a *pro se* action in state court alleging that employees of the South Carolina Department of Mental Health had violated their constitutional rights by subjecting them to cruel and unusual punishment. *See Smith v. Montgomery*, C.A. No. 01-

CP-40-2975.  The defendants moved for summary judgment, which was granted by order of the Honorable Alison Lee on April 1, 2004 (see attachment to defendants' memorandum).  In the present case, the plaintiff complains that he and the other state court plaintiffs were unable to defend against the motion for summary judgment because they were denied access to a law library.[1]  The plaintiff also alleges that the defendants have refused to provide a notary public so sworn affidavits can be submitted; that the defendants have refused to provide the plaintiff with enough paper and large enough envelopes to mail legal documents; and that the defendants limit copies of legal documents and limit legal mail to the plaintiff.

Two state habeas corpus actions[2] involving two of the plaintiffs in the companion cases here were dismissed by the Honorable Casey Manning on June 22, 2004 (see C.A. 03-CP-40-1210).  The grounds for the dismissals were lack of jurisdiction, insufficient service of process, and failure to state a cause of action.  The status of the plaintiff's state court action is unclear, although the defendants assert as one of their grounds for dismissal the fact that the plaintiff's action is still pending in state court.  In the present complaint, the plaintiff alleges that the dismissals of the state habeas actions were "due to the fact that the Defendants denied the Plaintiff his rights to access a law library, and to have access to Certified Mail Service" (am. comp. at ¶ 7).

---

[1] In the amended complaint, the plaintiff states: "That because the Plaintiff was denied access to a Law Library in order to both research case law, state law, and the S.C. Rules of Civil Procedure, he did not follow the State Tort Act, nor was he able to research case law in order to fight off summary judgment" (am. comp. at ¶ 2).

[2] *See Bennington v. Gintoli*, C.A. No. 03-CP-40-1210 (order of dismissal filed June 25, 2004); *Belding v. Gintoli*, C.A. No. 03-CP-40-1098 (order of dismissal filed June 25, 2004). These orders are attached as Exhibit C to the defendants' memorandum of law in support of motion to dismiss.

*Access to Law Library and Access to Courts*

The plaintiff contends that he has been denied access to a law library in violation of his constitutional rights. The defendants argue that this claim must fail because mental patients do not have a constitutional right of access to a law library and because the plaintiff has not stated a claim for denial of access to court.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that under certain circumstances, prison officials have an affirmative duty to assist inmates in their "fundamental constitutional right of access to the courts." 430 U.S. at 828. This assistance can take the form of "adequate law libraries or adequate assistance from persons trained in the law." *Id*. An inmate claiming a *Bounds* violation must show actual injury, *i.e.*, he must demonstrate that the *Bounds* violation actually impeded his access to the courts. *Lewis v. Casey*, 518 U.S. 343 (1996).

In *Strickler v. Waters,* 989 F.2d 1375, 1385 (4th Cir. 1993), the Fourth Circuit Court of Appeals noted that "*Bounds* did not hold that there is a right of access to a law library; it held that there is a right of access to the *courts*" (emphasis in original). The court further held that the plaintiff in a right of access court must show specific harm or prejudice from the allegedly denied access:

> A demonstration of inability to present a legal claim is an essential ingredient of a suit such as this because the prisoner must be able to show that the rules interfered with his entitlement (access to the courts) rather than with a mere instrument for vindicating an entitlement (access to books).

*Id.*

The instant case does not involve an inmate, as in *Bounds, Lewis* and *Strickler*. Neither the United States Supreme Court nor the Fourth Circuit Court of Appeals has ever recognized a mental patient's right to have access to either a law library or a person trained in the law. However, it is unnecessary for this court to decide that issue.

This case, involving a civil lawsuit by a plaintiff who has been adjudicated a sexually violent predator under a statutory scheme which has repeatedly been held to be constitutional,[3] is simply not the proper case for expanding the rights of mental patients. In *Bounds*, the Supreme Court clearly identified its main concern to be "protecting the ability of an inmate to prepare a *petition or complaint*." 430 U.S. at 828. There is no indication in *Bounds* or its progeny that legal assistance is required for cases such as this one, where the plaintiffs clearly have had no difficulty in gaining access to the courts.

In one of the underlying cases here, the *Smith* case, the plaintiffs were clearly not denied access to the courts. They drafted and filed a complaint in the case, alleging that they were not receiving adequate care and treatment and that the defendants were violating the constitutional rights of plaintiffs. The defendants moved for summary judgment. The plaintiffs filed affidavits and a four-page memorandum, including case citations, in response to the motion for summary judgment. Judge Lee issued a seven-page order addressing the various issues raised by the parties and finding that there were no issues of material fact. Clearly, the plaintiffs were not denied access to the courts.

In the other state court actions, the *Bennington* and *Belding* actions, the plaintiffs filed state habeas corpus actions. The defendants moved to dismiss the actions pursuant to Rule 12(b). In his orders of dismissal, Judge Manning stated that he had "reviewed the pleadings and heard the arguments of the parties" (ex. C at p. 2). Judge Manning dismissed the action on four grounds: (1) lack of jurisdiction, based on the inapplicability of the habeas statute to the plaintiffs who had not committed or been detained for any crime; (2) insufficient service of process because no summons was filed

---

[3]*See Luckabaugh*, 568 S.E.2d 338; *Seling v. Young*, 531 U.S. 250 (2001) (holding Washington state's sexually violent predator statute, similar to South Carolina's statute, to be constitutional and not punitive in nature); *Kansas v. Hendricks*, 521 U.S. 346 (1997)(holding that Kansas' Sexually Violent Predator Act, on its face, met substantive due process requirements, was non-punitive, and thus did not violate the Double Jeopardy and *Ex Post Facto* Clauses).

or prepared and the pleadings were not filed prior to attempted service; (3) insufficient service of process because the complaint was mailed via interagency mail, regular mail or not at all to the defendants; and (4) none of the allegations met the "shocking" to fundamental fairness test.  Again, the record does not show that the plaintiffs were denied access to the court.[4]  The plaintiff has made only conclusory allegations, claiming that the two state court actions were dismissed "because he could not follow up with legal research."  These general allegations, without more, are insufficient to state a claim for denial of access to the courts.  *See Strickler*, 989 F.2d at 1383.[5]

***Conspiracy Claim***

In his amended complaint, the plaintiff asserts that he is bringing "a pro-se Complaint under 42 USC §1985, for ... violations of his Eight and Fourteenth Amendment Rights... .".  Under this section, stemming from the Civil Rights Act of 1871, a party may bring a claim for damages where two or more parties conspire to deprive him of the equal protection of the law.

The defendants argue that 42 U.S.C. §1985 does not provide a basis for a cause of action alleging the type of misconduct alleged here, *i.e.*, denial of access to the courts to sexually violent predators.  Specifically, the defendants argue that only cases involving racial or religious discrimination have been held to come within the coverage of 42 U.S.C. §1985.  *See Griffin v. Breckenridge*, 403 U.S. 88 (1971); *Ward v. Conner*, 657 F.2d 45 (4th Cir. 1981); *Terice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985).

---

[4]The plaintiff's claim that he was denied access to the courts by not being provided with a notary public, more than 25 sheets of paper, large envelopes, etc., is also without merit.  The plaintiff has shown no prejudice resulting from these limitations.

[5]Additionally, this court again notes that there is no indication in the record that the plaintiff here was a party to either *Bennington* or *Belding* and, therefore, he cannot claim to have been injured as a result of those dismissals.

While it is true that the *Griffin* case and the *Ward* case involved racial or religious discrimination, this court notes that neither *Griffin* nor *Ward* limit the right to recover under 42 U.S.C. §1985 to members of religious or racial classes. However, it is clear that a person must be a member of a protected class in order to recover under 42 U.S.C. §1985. No court has found that individuals who have been adjudicated sexually violent predators, pursuant to a civil statute found to be constitutional, are members of a protected class. This court declines to do so as well. Accordingly, the plaintiff has failed to state a claim upon which relief can be granted because he has not alleged that he is a member of a class of persons which section 1985 was intended to protect.

### *Qualified Immunity*

The defendants also assert qualified immunity as a defense to this action. Because the plaintiff has not stated a claim for a constitutional violation, it is unnecessary for this court to address the issue of qualified immunity. *See Wilson v. Layne*, 526 U.S. 286, 290 (1999); *Suarez Corp. Indus. V. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000).

### **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the defendants' motion to dismiss be granted.

s/Bruce H. Hendricks
United States Magistrate Judge

March 24, 2005

Greenville, South Carolina