IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jimmy Wortham, ) | C.A. No. 8:04-1964-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| George Gintoli; Russell Huges; ) | |
| Brenda Young-Rice, in their Personal ) | |
| Capacities; and South Carolina Department ) | |
| of Mental Health, for injunctive relief, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff's *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1985. Plaintiff is currently in the custody of the South Carolina Department of Mental Health under the provisions of the South Carolina Sexually Violent Predator Act (SVP). Plaintiff asserts Defendants' alleged failure to provide him access to a law library so as to defend a separate state court action violated his constitutional rights.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(b) and (e), DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation. On March 24, 2005, the Magistrate Judge issued a Report recommending Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Plaintiff's complaint fails to state a viable claim under 42 U.S.C. § 1985.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss is granted and this matter is dismissed with prejudice as to any claim under 42 U.S.C. §1985 and without prejudice as to any claim under 42 U.S.C. §1983.[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 27, 2005

---

[1] The court notes that this action was brought under 42 U.S.C. §1985. However, the Plaintiff has raised claims in his filings related to 42 U.S.C. §1983. For this reason, the court is reluctant to completely foreclose Plaintiff's opportunity to bring a correctly-framed complaint in this court.

2

C:\Documents and Settings\guest\Local Settings\Temp\notes6030C8\04-1964 Wortham v. Gintoli e adopt RR dism 12(b)(6).wpd